COPY

1  Laurence M. Rosen, Esq. (SBN 219683)
2  THE ROSEN LAW FIRM, P.A.
   333 South Grand Avenue, 25th Floor
3  Los Angeles, CA 90071
   Telephone: (213) 785-2610
4  Facsimile: (213) 226-4684
   Email: lrosen@rosenlegal.com
5

6  Counsel for Plaintiff

7              UNITED STATES DISTRICT COURT
8              CENTRAL DISTRICT OF CALIFORNIA
                    WESTERN DIVISION
9

10
   ALBERT SNELLINK, INDIVIDUALLY      )   CV11.  03722 ODW MRWx
11 BEHALF OF ALL OTHERS SIMILARLY     )   CASE No.:
   SITUATED,                          )
12                                    )
                                      )
13           Plaintiff,               )   CLASS ACTION
14      vs.                           )   COMPLAINT
                                      )   FOR VIOLATIONS OF
15 GULF RESOURCES, INC., XIAOBIN LIU, )   THE FEDERAL
16 MIN LI, AND MING YANG              )   SECURITIES LAWS
                                      )
17           Defendants.              )
18                                    )   JURY TRIAL
                                      )   DEMANDED
19

20

21     Plaintiff Albert Snellink ("Plaintiff"), individually and on behalf of all other

22 persons similarly situated, by his undersigned attorneys, for his complaint against

23 Gulf Resources, Inc., ("Gulf Resources" or the "Company") alleges the following

24 based upon personal knowledge as to himself and his own acts, and information and

25 belief as to all other matters, based upon, *inter alia*, the investigation conducted by

26 and through his attorneys, which included, among other things, a review of the

27 Defendant's public documents, conference calls and announcements made by the

28

                                      0

Defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding Gulf Resources, securities analysts' reports and advisories about the Company, and information readily obtainable on the Internet. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1.     This is a federal securities class action on behalf of a class consisting of all persons other than Defendants who purchased common stock of Gulf Resources during the period between March 16, 2009 and April 26, 2011, inclusively (the "Class Period"). Plaintiff seeks to recover damages caused by Defendants' violations of the Securities Exchange Act of 1934 (the "Exchange Act").

2.     Throughout the class period, Defendants made false and misleading statements about the Company. Defendants failed to disclose material related party transactions. Chinese regulatory filings show that defendants overstated their revenues for FY 2009 by a factor of 10, and their net income by a factor of 1000.

3.     The Company also concealed its Chief Executive Officer's sordid past as Chief Financial Officer of China Finance, Inc.

4.     China Finance was a company that was engaged in bringing a large number of small-cap Chinese fraudulent companies to the United States markets in exchange for equity in these companies, which China Finance disposed of before the companies were exposed as fraudulent.

5.     On April 26, 2011, a report was issued which claimed that the Company had engaged in undisclosed related party transactions, materially overstated its revenue and net income, concealed its CEO's past, and as a result of all of these actions, had defrauded shareholders.

Class Action Complaint for Violations of the Federal Securities Laws

6.     The concerns raised by the report caused the Company's stock price to fall over 30%, damaging investors.

## JURISDICTION AND VENUE

7.     The claims asserted herein arise under and pursuant to Sections 10(b) and 20(a) of the Exchange Act, (15 U.S.C. §78j(b) and 78t(a)), and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

8.     This Court has jurisdiction over the subject matter of this action pursuant to §27 of the Exchange Act (15 U.S.C. §78aa) and 28 U.S.C. § 1331.

9.     Venue is proper in this Judicial District pursuant to §27 of the Exchange Act, 15 U.S.C. § 78aa and 28 U.S.C. § 1391(b)-(d).

10.     In connection with the acts, conduct and other wrongs alleged in this Complaint, the Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mails, interstate telephone communications and the facilities of the NASDAQ and the OTC:BB.

## PARTIES

11.     Plaintiff Albert Snellink, as set forth in the attached PSLRA certification, purchased Gulf Resources securities on the NASDAQ at artificially inflated prices during the Class Period and has been damaged thereby.

12.     Defendant Gulf Resources is a Delaware Corporation with its principal executive offices located at Cheming Industrial Park, Shouguang City, Shangdong, Peoples' Republic of China ("PRC"). Gulf Resources, through its operating subsidiaries, Shouguang City Haoyuan Chemical Company Limited ("SCHC") and Shouguang Yuxing Chemical Industry Co., Limited ("SYCI"), both companies organized under the laws of the PRC, purports to manufacture and sell bromide and crude salt, and to manufacture industrial chemical products used in oil and gas field exploration, oil field drilling, wastewater processing, papermaking chemical agents, and inorganic chemicals.     At all relevant times herein, the Company's common

stock was actively traded on the NASDAQ under the ticker "GFRE" or on the OTC BB under the ticker "GFRE".

13.    Defendant Ming Yang ("Yang") was, at all relevant times, Chairman of Gulf Resource's Board of Directors.

14.    Defendant Xiaobin Liu ("Liu") was at all relevant times Gulf Resources's Chief Executive Officer and one of its Directors.

15.    Defendant Min Li ("Li") was at all relevant times Gulf Resources's Chief Financial Officer.

16.    Defendants Li, Liu, and Yang are collectively referred to as the "Individual Defendants."

17.    Gulf Resources, Liu, Li, and Yang are collectively referred to herein as the "Defendants."

18.    Defendants' fraudulent scheme: (i) deceived the investing public regarding Gulf Resources's business, operations, management and the intrinsic value of Gulf Resources's common stock; and (ii) caused plaintiff and other members of the Class to purchase Gulf Resources securities at artificially inflated prices.

19.    During the Class Period, the Defendant Yang and Gulf Resources and its subsidiaries and affiliates were privy to non-public information concerning the Company's business, finances, products, markets, and present and future business prospects, via access to internal corporate documents, conversations and connections. Because of possession of such information, the Defendants knew or recklessly disregarded the fact that the adverse facts specified herein had not been disclosed to, and were being concealed from, the investing public.

20.    Due to the accessibility to the adverse undisclosed information about the Company's business, operations, operational trends, financial statements, markets and present and future business prospects via access to internal corporate documents and via reports and other information provided in connection therewith.

3

21.    Throughout the Class Period, the Defendants were able to control the content of the various SEC filings, press releases and other public statements pertaining to the Company during the Class Period. The Defendants had access to the documentation of filings alleged herein to be misleading prior to or shortly after their issuance and/or had the ability and/or opportunity to prevent their issuance or to cause them to be corrected. Accordingly, the Defendants are responsible for the accuracy of the public reports and press releases detailed herein, and are therefore primarily liable for the representations contained therein.

## SUBSTANTIVE ALLEGATIONS

22.    The Class Period begins on March 16, 2009, when Gulf Resources issued its annual report on Form 10-K for FY 2008.

23.    The 2009 10-K stated that Gulf Resources' second largest customer for FY 2009 was Shouguang City Rongyuan Chemical Company Limited ("Rongyuan").

24.    Defendang Yang, the Company's former CEO and current Chairman of its Board, is also Chairman of the Board and founder of the Shangdong Haoyuan Group.

25.    Rongyuan has the same phone number, fax number, and address, as the Shangdong Haoyuan Group.

26.    Further, Chinese regulatory filings show that Rongyuan has the same address as the Shangdong Group.

27.    Therefore, Rongyuan is likely either a subsidiary of the Shangdong Group or is an alias of the Shangdong Group.

28.    Therefore, Rongyuan is a related party.

29.    The Company's Annual Report on Form 10-K did not disclose that its second largest customer was a related party.

30.    The Company's Annual Report listed revenue of $87,488,000, and net income of $22,395,000.

4

31.    These income and revenue figures are very nearly impossible in light of the Company's true financial condition, as disclosed below.

32.    The Company's Chief Executive Officer was Defendant Liu. Defendant Liu's biography omitted the position he had been Chief Financial Officer of China Finance, Inc., as late as 2004.

33.    According to its SEC filings, China Finance "provid[ed] financial support and services […] to privately-owned small and medium sized enterprises in China when they seek access to capital or to be acquired by a United States reporting company [in a reverse merger]".

34.    China Finance would be compensated for its services through equity ownership of these companies.

35.    Many of these companies were later determined to be fraudulent, or to have such serious undisclosed weaknesses in internal controls that their shares were nearly valueless.  Accordingly, the stock price for the common stock of many of these companies collapsed after allegations of fraud – that is, when trading in the companies' shares was not permanently halted altogether.

36.    China Finance would customarily dispose of the equity it held in these fraudulent companies at elevated prices before the fraud was discovered.

37.    China Finance provided financing to Gulf Resources in exchange for 6% of the equity in Gulf Resources.  Seven days after China Finance's investment, Defendant Liu was installed as Gulf Resources's Chief Executive Officer.  Had Defendant Liu disclosed his past affiliation with China Finance, it would have been apparent that he was installed to provide favorable treatment to China Finance.

38.    The Company furnished as exhibits two mandatory Sarbanes-Oxley certifications signed by Defendants Li and Liu.  The exhibits certified that each of the defendants had disclosed "all significant deficiencies and material weaknesses in the design or operation of internal control over financial reporting which are reasonably likely to adversely affect the registrant's ability to record, process,

summarize and report financial information" and "any fraud".

39.     The Company's Annual Report was accompanied by an audit opinion by its independent accountant, Morison Cogen, LLP.  Morison Cogen identified two material weaknesses in the Company's internal controls over financial reporting:

    a.   Insufficient complement of accounting personnel with the appropriate level of accounting knowledge, experience and training in the application of accounting principles generally accepted in the United States commensurate with financial statement reporting requirements.

    b.   Inability to timely and properly recognize issuance of share-based compensation

40.     On March 2, 2010, the Company issued its annual report for FY 2009 on Form 10-K.

41.     The Company's largest customer in FY 2009 was Rongyuan.  The Company did not list Rongyuan as a related party.

42.     The Company claimed revenues of $110,277,000 and net income of $30,592,000.

43.     On Chinese regulatory filings, the Company's two operating subsidiaries – its sole assets – claimed combined revenues of approximately $10,595,000, and net income of approximately $38,000 combined.

44.     The Company furnished as exhibits two mandatory Sarbanes-Oxley certifications signed by Defendants Li and Liu.  The exhibits certified that each of the defendants had disclosed "all significant deficiencies and material weaknesses in the design or operation of internal control over financial reporting which are reasonably likely to adversely affect the registrant's ability to record, process, summarize and report financial information" and "any fraud".

45.     On March 16, 2011, the Company issued its annual report for FY 2010 on Form 10-K.

46.     The Company furnished as exhibits two mandatory Sarbanes-Oxley certifications signed by Defendants Li and Liu.  The exhibits certified that each of the defendants had disclosed "all significant deficiencies and material weaknesses in the design or operation of internal control over financial reporting which are reasonably likely to adversely affect the registrant's ability to record, process, summarize and report financial information" and "any fraud".

47.     On April 26, 2011, a report was issued by research firm Glaucus Research Group.  The Report raised allegations about Gulf Resources, casting doubt on the Defendants Li and Liu's claim that they had disclosed all material weaknesses and any fraud.

48.     In particular, the report claimed that (1) sales to Rongyuan were undisclosed related party transactions; (2) Chinese regulatory filings showed that the Company was materially smaller than it claimed to be; (3) the Company's CEO had concealed a sordid past in a company that took fraudulent small-cap Chinese companies to US markets (China Finance); (4) the Company had offered large quantities of its stock to China Finance a mere seven days before Defendant Liu's appointment as Gulf Resources's CEO, raising a suspicion that China Finance was thereby ensuring that Gulf Resources would be managed for China Finance's benefit, rather than that of shareholders.  The report also questioned (5) whether Gulf Resources held title to SCHC and SYHI.

49.     The concerns raised by the report caused the Company's stock to fall more than 30% on very heavy volume.

## Applicability of Presumption of Reliance:
## Fraud-on-the-Market Doctrine

50.   At all relevant times, the market for Gulf Resources common stock was an efficient market for the following reasons, among others:

     (a)   The Company's stock met the requirements for listing, and was listed and actively traded on the NASDAQ or OTC:BB, a highly efficient and automated market;

     (b)   As a regulated issuer, Gulf Resources filed periodic public reports with the SEC and the NASDAQ and OTC:BB;

     (c)   Gulf Resources regularly communicated with public investors via established market communication mechanisms, including through regular disseminations of press releases on the national circuits of major newswire services and through other wide-ranging public disclosures, such as communications with the financial press and other similar reporting services;

     (d)   Gulf Resources was followed by several securities analysts employed by major brokerage firms who wrote reports that were distributed to the sales force and certain customers of their respective brokerage firms during the Class Period. Each of these reports was publicly available and entered the public marketplace; and

51.   As a result of the foregoing, the market for the Company's common stock promptly digested current information regarding Gulf Resources from all publicly available sources and reflected such information in Gulf Resources's stock price. Under these circumstances, all purchasers of the Company's common stock during the Class Period suffered similar injury through their purchase of Gulf Resources's common stock at artificially inflated prices, and a presumption of reliance applies.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

52.    Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all persons who purchased common stock of Gulf Resources during the Class Period and who were damaged thereby.  Excluded from the Class are the officers and directors of the Company at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

53.    The members of the Class are so numerous that joinder of all members is impracticable.  Throughout the Class Period, the Company's common stock was actively traded on the NASDAQ or OTC:BB.  While the exact number of Class members is unknown to Plaintiff at this time, and can only be ascertained through appropriate discovery, Plaintiff believes that there are at least hundreds of members in the proposed Class.  Members of the Class may be identified from records maintained by Gulf Resources or its transfer agent, and may be notified of the pendency of this action by mail using a form of notice customarily used in securities class actions.

54.    Plaintiff's claims are typical of the claims of the members of the Class, as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

55.    Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.

56.    Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.  Among the questions of law and fact common to the Class are:

(a) whether the federal securities laws were violated by Defendants acts as alleged herein;

(b)  whether statements made by the Defendants to the investing public during the Class Period misrepresented material facts about the business, operations, and management of Gulf Resources; and

(c)  to what extent the members of the Class have sustained damages, and the proper measure of damages.

57.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to redress individually the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

## NO SAFE HARBOR

58.    The statutory safe harbor provided for forward-looking statements under certain circumstances does not apply to any of the allegedly false statements pleaded in this Complaint.  Many or all of the specific statements pleaded herein were not identified as "forward-looking statements" when made.  To the extent there were any forward-looking statements, there were no meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the purportedly forward-looking statements.  Alternatively, to the extent that the statutory safe harbor does apply to any forward-looking statements pleaded herein, Defendants are liable for those false forward-looking statements because at the time each of those forward-looking statements was made, the particular speaker knew that the particular forward-looking statement was false, and/or the forward-looking statement was authorized and/or approved by an executive officer of the Company who knew that those statements were false when made.

## FIRST CLAIM

**Violation of Section 10(b) of**

**The Exchange Act and Rule 10b-5**

**Promulgated Thereunder Against All Defendants**

59.    Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

60.    During the Class Period, Defendants carried out a plan, scheme and course of conduct which was intended to and, throughout the Class Period, did: (1) deceive the investing public, including Plaintiff and other Class members, as alleged herein; and (2) cause Plaintiff and other members of the Class to purchase Gulf Resources's securities at artificially inflated prices. In furtherance of this unlawful scheme, plan and course of conduct, Defendants took the actions set forth herein.

61.    Defendants (a) employed devices, schemes, and artifices to defraud; (b) made untrue statements of material fact and/or omitted to state material facts necessary to make the statements not misleading; and (c) engaged in acts, practices, and a course of business that operated as a fraud and deceit upon the purchasers of the Company's securities in an effort to maintain artificially high market prices for Gulf Resources's securities in violation of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder.

62.    Defendants, directly and indirectly, by the use, means or instrumentalities of interstate commerce and/or of the mails, engaged and participated in a continuous course of conduct to conceal adverse material information about the business, operations and future prospects of Gulf Resources as specified herein.

39.    These Defendants employed devices, schemes, and artifices to defraud while in possession of material adverse non-public information, and engaged in acts, practices, and a course of conduct as alleged herein in an effort to assure

11

investors of Gulf Resources's value and performance and continued substantial growth, which included the making of, or participation in the making of, untrue statements of material facts and omitting to state material facts necessary in order to make the statements made about Gulf Resources and its business operations and future prospects in the light of the circumstances under which they were made, not misleading, as set forth more particularly herein, and engaged in transactions, practices and a course of business that operated as a fraud and deceit upon the purchasers of Gulf Resources's securities during the Class Period.

40.    Defendants had actual knowledge of the misrepresentations and omissions of material facts set forth herein, or acted with reckless disregard for the truth in that they failed to ascertain and to disclose such facts, even though such facts were available.  Such material misrepresentations and/or omissions were done knowingly or recklessly and for the purpose and effect of concealing Gulf Resources's operating condition and future business prospects from the investing public and supporting the artificially inflated price of its securities.  As demonstrated by overstatements and misstatements of the Company's financial condition throughout the Class Period, if the Defendants did not have actual knowledge of the misrepresentations and omissions alleged, they were reckless in failing to obtain such knowledge by deliberately refraining from taking those steps necessary to discover whether those statements were false or misleading.

41.    As a result of the dissemination of the materially false and misleading information and failure to disclose material facts, as set forth above, the market price of Gulf Resources's  securities was artificially inflated during the Class Period.  In ignorance of the fact that market prices of Gulf Resources's publicly-traded securities were artificially inflated, and relying directly or indirectly on the false and misleading statements made by the Defendants, or upon the integrity of the market in which the common stock trades, and/or on the absence of material adverse information that was known to or recklessly disregarded by the Defendants,

but not disclosed in public statements by the Defendants during the Class Period, Plaintiff and the other members of the Class acquired Gulf Resources common stock during the Class Period at artificially high prices, and were, or will be, damaged thereby.

42.   At the time of said misrepresentations and omissions, Plaintiff and other members of the Class were ignorant of their falsity, and believed them to be true.  Had Plaintiff and the other members of the Class and the marketplace known the truth regarding Gulf Resources's financial results, which was not disclosed by the Defendants, Plaintiff and other members of the Class would not have purchased or otherwise acquired their Gulf Resources securities, or, if they had acquired such securities during the Class Period, they would not have done so at the artificially inflated prices that they paid.

43.   As a direct and proximate result of the Defendants' wrongful conduct, Plaintiff and other members of the Class suffered damages in connection with their purchases of Gulf Resources's securities during the Class Period.

**WHEREFORE,** Plaintiff prays for relief and judgment, as follows:

(a)   Determining that this action is a proper class action, designating Plaintiff as Lead Plaintiff and certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure and Plaintiff's counsel as Lead Counsel;

(b)   Awarding compensatory damages in favor of Plaintiff and the other Class members against all Defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

(c)   Awarding plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

(d)   Such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated: April 29, 2011                    Respectfully submitted,

                                          **THE ROSEN LAW FIRM, P.A.**

                                          _____

                                          Laurence M. Rosen, Esq. (LR 5733)
                                          THE ROSEN LAW FIRM, P.A.
                                          333 South Grand Avenue, 25th Floor
                                          Los Angeles, CA 90071
                                          Telephone: (213) 785-2610
                                          Facsimile: (213) 226-4684
                                          Email: lrosen@rosenlegal.com

Class Action Complaint for Violations of the Federal Securities Laws

## CERTIFICATION

The individual or institution listed below (the "Plaintiff") authorizes the Rosen Law Firm, P.A. to file an action or amend a current action under the Federal securities laws to recover damages and to seek other relief against Gulf Resources, Inc. ("GFRE"), and certain of its officers and directors. The Rosen Law Firm, P.A. agrees to prosecute the action on a contingent fee basis not to exceed one-third of any recovery and will advance all costs and expenses. Any legal fees and expenses will be determined by, and payable only upon order of the U.S. District Court.

Plaintiff declares, as to the claims asserted under the Federal securities laws, that:

1.      I have reviewed the complaint against GFRE and certain of its officers and directors and I retain the Rosen Law Firm, P.A. as counsel in this action for all purposes.

2.      I did not engage in transactions in the securities that are the subject of this action at the direction of plaintiff's counsel or in order to participate in this or any other litigation under the securities laws of the United States.

3.      I am willing to serve as a lead plaintiff either individually or as part of a group. A lead plaintiff is a representative party who acts on behalf of other class members in directing the action, and whose duties may include testifying at depositions and trial.

4.      The following is a list of all of the purchases and sales I have made in GFRE securities during the class period set forth in the complaint. I have made no transactions during the class period in the debt or equity securities that are the subject of this lawsuit except those set forth below.

| Number of Shares Purchased or Sold | Date(s) Purchased | Price Paid Per Share | Date(s) Sold (If applicable) | Price Sold Per Share |
|---|---|---|---|---|
| 2,400 | 1/04/2010 | $12.30 | N/A | N/A |

5.      I have not, within the three years preceding the date of this certification, sought to serve or served as a representative party on behalf of a class in an action involving alleged violations of the federal securities laws, except for the following (company list):

Universal Travel Group, District of New Jersey

6.      I will not accept any payment for serving as a representative party beyond my pro rata share of any recovery, except reasonable costs and expenses, such as travel expenses and lost wages directly related to the class representation, as ordered or approved by the court pursuant to law.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 27 day of April, 2011.



Signature:

Name:   Albert Shellhak
Address:

Phone:
E-mail:

PLEASE FAX CERTIFICATION TO ROSEN LAW FIRM at (212) 202-3827
OR EMAIL TO INFO@ROSENLEGAL.COM OR SEND BY U.S. MAIL TO:
THE ROSEN LAW FIRM PA
275 MADISON AVENUE, 34th FLOOR
NEW YORK, NY 10016

Name & Address:
Laurence M. Rosen, Esq. (SBN 219683)
THE ROSEN LAW FIRM, P.A.
333 South Grand Avenue, 25th Floor
Los Angeles, CA 90071

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| ALBERT SNELLINK, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED | CASE NUMBER |
|---|---|
| PLAINTIFF(S) v. | CV11 03722 ODW MRW x |
| GULF RESOURCES, INC., XIAOBIN LIU, MIN LI, AND MING YANG | SUMMONS |
| DEFENDANT(S). | |

TO:   DEFENDANT(S): _____

_____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, _Laurence M. Rosen_____, whose address is _333 South Grand Avenue, 25th Floor, Los Angeles, CA 90071_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: ___APR 2 9 2011___

By: _____CHRISTOPHER POWERS_____

Deputy Clerk

*(Seal of the Court)*

1181

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                          SUMMONS

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| ALBERT SNELLINK, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED | GULF RESOURCES, INC., XIAOBIN LIU, MIN LI, AND MING YANG |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Laurence M. Rosen, Esq. (SBN 219683), THE ROSEN LAW FIRM, P.A., 333 South Grand Avenue, 25th Floor, Los Angeles, CA 90071, Tel: (213) 785-2610, Fax: (213) 226-4684, Email: lrosen@rosenlegal.com | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff      ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes  ☐ No      ☐ MONEY DEMANDED IN COMPLAINT: $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Class Action for Violations of the Federal Securities Laws, 15 U.S.C. §78j(b) and 78t(a), 17 C.F.R. §240.10b-5

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☒ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

FOR OFFICE USE ONLY:   Case Number: **CV11 03722**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No  ☐ Yes
If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No  ☐ Yes
If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
　　　　　　　　　　　　☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
　　　　　　　　　　　　☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
　　　　　　　　　　　　☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Switzerland |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | People's Republic of China |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
　　　Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles |  |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____  Date 04/29/2011

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (05/08)　　　　　　　　　　　　　　　CIVIL COVER SHEET　　　　　　　　　　　　　　　Page 2 of 2

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Otis D. Wright II and the assigned discovery Magistrate Judge is Michael Wilner.

The case number on all documents filed with the Court should read as follows:

## CV11- 3722 ODW (MRWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY