1 | CHAPIN FITZGERALD SULLIVAN & BOTTINI LLP
Francis A. Bottini, Jr. (SBN 175783)
2 | fbottini@cfsblaw.com
Jill M. Sullivan (SBN 185757)
3 | jsullivan@cfsblaw.com
550 West C Street, Suite 2000
4 | San Diego, CA 92101
Telephone: (619) 241-4810
5 | Facsimile: (619) 955-5318

6 | *Counsel for Ioannis Zoumas and*
*Proposed Lead Counsel for the Class*
7 |

8 | **UNITED STATES DISTRICT COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA**

10 | **WESTERN DIVISION**

| | |
|---|---|
| ALBERT SNELLINK, individually and on behalf of all others similarly situated, | No. 2:11-cv-3722 ODW (MRWx) |
| Plaintiff, | **IOANNIS ZOUMAS'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL** |
| vs. | |
| GULF RESOURCES, INC., XIAOBIN LIU, MIN LI, and MING YANG, | |
| Defendants. | Date: August 1, 2011<br>Time: 1:30 p.m.<br>Courtroom: 11<br>Judge: Hon. Otis D. Wright II |

# TABLE OF CONTENTS

I.    INTRODUCTION ..........................................................................................1

II.   FACTUAL BACKGROUND .......................................................................2

III.  ARGUMENT ...............................................................................................3

    A.    The Court Should Appoint Zoumas as Lead Plaintiff .........................3

        (1)    Zoumas's Motion Is Timely .......................................................3

        (2)    Zoumas Is the Presumptive Lead Plaintiff .................................3

        (3)    Zoumas Satisfies the Requirements of Rule 23...........................4

    B.    The Court Should Approve Zoumas's Selection of Counsel ...............6

IV.   CONCLUSION .............................................................................................7

# TABLE OF AUTHORITIES

## CASES

*Armour v. Network Assocs,, Inc.,*
    171 F. Supp. 2d 1044 (N.D. Cal. 2001) ...................................................4

*Glauser v. EVCI Career Colls. Holding Corp.,*
    236 F.R.D. 184 (S.D.N.Y. 2006) ............................................................5

*Hanlon v. Chrysler Corp.,*
    150 F.3d 1011 (9th Cir. 1998).................................................................5

*In re Cavanaugh,*
    306 F.3d 726 (9th Cir. 2002)...............................................................3, 4

*In re Cendant Corp. Litig.,*
    264 F.3d 201 (3d Cir. 2001) ..................................................................4

*In re N. Dist. of Cal. Dalkon Shield IUD Prods. Liab. Litig.,*
    693 F.2d 847 (9th Cir. 1982)..................................................................5

*Investors Research Co. v. U. S. Dist. Ct. for the Cent. Dist. of Cal.,*
    877 F.2d 777 (9th Cir. 1989)..................................................................1

*Karlin v. Alcatel,*
    No. 00-cv-0214 DOC (EEx),
    2001 WL 1301216 (C.D. Cal. Aug. 13, 2001) ............................................6

*Takeda v. Turbodyne Techs., Inc.,*
    67 F. Supp. 2d, 1129 (C.D. Cal. 1999) ...........................................5

*Tanne v. Autobytel, Inc.,*
    226 F.R.D. 659 (C.D. Cal. 2005) ..........................................................4

## STATUTES

15 U.S.C. § 78u-4 ...........................................................................*passim*

## RULES

FED. R. CIV. P. 23 ...........................................................................*passim*

FED. R. CIV. P. 42(a) ...........................................................................1

IOANNIS ZOUMAS'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL
No. 2:11-cv-3722 ODW (MRWx)

1  **I.   INTRODUCTION**

2         The Court should appoint Ioannis Zoumas, a shareholder of Gulf Resources,

3  Inc. ("GFRE"), as Lead Plaintiff because he satisfies all three requirements for

4  appointment under Section 21D of the Securities Exchange Act of 1934, as amended

5  by the Private Securities Litigation Reform Act of 1995 ("PSLRA"):

6         (1)   Zoumas has timely made a motion for appointment as lead plaintiff;

7         (2)   he is the presumptive lead plaintiff because he has lost approximately
               $354,654.00 as a result of GFRE's misrepresentations and omissions
8              and, to the best of his knowledge, he has the largest financial interest in
               the relief sought by the class; and

9         (3)   he meets the typicality and adequacy of representation requirements
10             under Federal Rule of Civil Procedure 23.

11 *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).

12        Furthermore, the Court should approve Zoumas's selection of the law firm of

13 Chapin Fitzgerald Sullivan & Bottini LLP as Lead Counsel because the firm

14 specializes in shareholder class action litigation, has a demonstrated record of success

15 in litigating securities class actions, and is thus well-qualified to represent the class.

16 Accordingly, the Court should grant Zoumas's motion in its entirety.[1]

17 ///

18 ///

19 ///

20 ///

21

22

23 _____

24        [1] The motion does not seek consolidation of related actions because this action
   is the only securities class action pending in this District arising from GFRE's false
25 and misleading statements made during the Class Period.  In the event that similar
   actions are filed in or transferred to this District, the Court should consolidate these
26 actions under Federal Rule of Civil Procedure 42(a) and 15 U.S.C. § 78u-
   4(a)(3)(B)(ii).  *Investors Research Co. v. United States Dist. Ct.*, 877 F.2d 777, 777
27 (9th Cir. 1989) (the "district court has broad discretion . . . to consolidate cases").

28

IOANNIS ZOUMAS'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL
No. 2:11-cv-3722 ODW (MRWx)

## II.     FACTUAL BACKGROUND

This action arises from GFRE's misrepresentations and omissions regarding its financial condition.  GFRE, a manufacturer of bromide, crude salt, and other industrial chemical products, is a Delaware corporation with its principle executive offices located in Shouguan City, Shandong Province, P.R. China.  GFRE common stock is traded on the NASDAQ.  Between March 16, 2009 and April 26, 2011 (the "Class Period"), GFRE's officers and directors – Ming Yang, Xiaobin Liu, and Min Li (collectively, Defendants") – made false and misleading disclosures, including:

- Overstating GFRE's revenues;
- Failing to disclose related party transactions; and
- Concealing a sordid past of GFRE's CEO in a fraudulent company.

Defendants' misrepresentations and omissions caused GFRE stock to trade at artificially inflated prices throughout the Class Period.  On April 26, 2011, the truth of GFRE's financial condition began to emerge, causing GFRE's stock price to drop dramatically.  This action followed.

After learning about GFRE's true financial condition, Zoumas, who spent $435,849.00 to purchase 35,552 GFRE shares during the Class Period, sold all those shares on April 26, 2011.  He incurred a loss of approximately $354,654.00.  He now moves for lead plaintiff appointment within 60 days of the publication of the April 30, 2011 notice regarding the pendency of this action.  *See* Declaration of Francis A. Bottini, Jr. ("Bottini Decl.") Ex. A at 1.

///

///

///

///

## III.   ARGUMENT

### A.   The Court Should Appoint Zoumas as Lead Plaintiff

The PSLRA provides a rebuttable presumption that the most adequate plaintiff in any private action is the person or group of persons that:

(1)   has either filed the complaint or made a motion in response to a notice;

(2)   in the determination of the court, has the largest financial interest in the relief sought by the class; and

(3)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Here, Zoumas meets all three requirements.

### (1)   Zoumas's Motion Is Timely

According to the April 30, 2011 notice, the 60-day period in which Class members may move to be appointed lead plaintiff under 15 U.S.C. § 78u-4(a)(3)(A)(II) expires on June 29, 2011.  *See* Bottini Decl. Ex. A at 1.  Thus, Zoumas's motion is timely.  In addition, Zoumas has retained competent counsel to represent him and the Class.  *See* Bottini Decl. Ex. D.  Zoumas thus satisfies the individual requirements of 15 U.S.C. § 78u-4(a)(3)(B) and is entitled to have his application for appointment as lead plaintiff and approval of selection of lead counsel considered by the Court.

### (2)   Zoumas Is the Presumptive Lead Plaintiff

The PSLRA requires the Court to appoint a "lead plaintiff" in securities class actions.   15 U.S.C. § 78u-4(a)(3)(B)(i).  The "lead plaintiff" is "the member or members of the purported plaintiff class that the [C]ourt determines to be most capable of adequately representing the interests of class members."  *Id.*  To identify the presumptive "most adequate plaintiff," the Court must first determine which member or group of members of the class has the largest alleged loss.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb); *see In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002).

As demonstrated in Zoumas's certification, he spent $435,849.00 to purchase 35,552 shares of GFRE common stock during the Class Period.  *See* Bottini Decl. Ex. B at 1.  He sold all his GFRE shares on April 26, 2011, when the truth of GFRE's financial condition emerged.   As a result, he suffered a recoverable loss of approximately $354,654.00 under 15 U.S.C. 78u-4(e)(2).  Bottini Decl. Ex. C.  To the best of his knowledge, Zoumas does not know of another GFRE shareholder who is seeking lead plaintiff appointment and who has suffered a higher amount of loss.  Thus, Zoumas is the presumptive most adequate plaintiff.  *See Cavanaugh*, 306 F.3d at 730.

### (3)    Zoumas Satisfies the Requirements of Rule 23

The PSLRA requires that lead plaintiffs, in addition to having the largest financial interest, must "satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23(a) requires that:  (1) the class be so numerous that joinder of all members is impracticable; (2) there be questions of law or fact common to the class; (3) such claims be typical of those of the class; and (4) the representatives fairly and adequately protect the interests of the class.  FED. R. CIV. P. 23(a).  In deciding a lead plaintiff motion, courts limit their inquiry to the typicality and adequacy prongs of Rule 23(a).  *Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 666 (C.D. Cal. 2005) (citing *In re Cendant Corp.  Litig.*, 264 F.3d 201, 263 (3d Cir. 2001)); *Armour v. Network Assocs., Inc.*, 171 F. Supp. 2d 1044, 1051 (N.D. Cal. 2001).

"The typicality requirement of Rule 23(a)(3) is satisfied when the named plaintiffs have (1) suffered the same injuries as the absent class members, (2) as a result of the same course of conduct, and (3) their claims are based on the same legal issues."  *Armour*, 171 F. Supp. 2d at 1052.  This does not require that the representative claims be substantially identical to absent class members' claims; it only requires that the claims are "reasonably co-extensive with those of absent

1   class members." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).

2   Thus, courts have repeatedly held that typicality is satisfied in securities class

3   actions when the class representative, like all other class members, suffered

4   damages as a result of purchasing the subject stock during the relevant time period

5   at prices that were artificially inflated by defendants' alleged false and misleading

6   statements. *See*, *e.g.*, *Glauser v. EVCI Career Colls. Holding Corp.*, 236 F.R.D.

7   184, 189 (S.D.N.Y. 2006).

8        Zoumas's claims are typical of those of other class members. Zoumas

9   purchased GFRE stock during the Class Period at an artificially inflated price

10  resulting from Defendants' misrepresentations and omissions. Like other class

11  members, he suffered damages as a result of his purchases of GFRE stock. These

12  shared claims satisfy Rule 23(a)(3)'s typicality requirement because they are based

13  on the same legal theory and arise from the same events and course of conduct as

14  the class claims.

15       The adequacy of representation requirement of Rule 23(a)(4) is satisfied

16  when counsel for the class is competent, the representative's interests are not

17  antagonistic to those of the absent class members, and it is unlikely that the action

18  is collusive. *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129 (C.D. Cal.

19  1999) (citing *In re N. Dist. of Cal. Dalkon Shield IUD Prods. Liab. Litig.*, 693 F.2d

20  847, 855 (9th Cir. 1982)). Here, Zoumas is an adequate representative of the Class

21  for two reasons. First, Zoumas's interests are clearly aligned with the interests of

22  the members of the class because, like other class members, he paid artificially

23  inflated prices for GFRE stock due to Defendants' materially false and misleading

24  statements. There is no antagonism between Zoumas's interests and those of the

25  putative class. Second, Zoumas has taken significant steps that demonstrate his

26  willingness and ability to protect the interests of the Class: (1) he has executed a

27  sworn certification detailing his Class Period transactions; (2) he has timely moved

28

IOANNIS ZOUMAS'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL
No. 2:11-cv-3722 ODW (MRWx)

1   this Court for appointment as lead plaintiff; and (3) he has retained competent and

2   experienced counsel to prosecute these claims.  As discussed below, Zoumas's

3   proposed counsel is highly qualified, experienced, and able to conduct this

4   complex litigation in a professional manner.  *See* Bottini Decl. Ex. D.  Thus,

5   Zoumas satisfies the typicality and adequacy requirements of Rule 23 for the

6   purposes of this motion.

7       **B.     The Court Should Approve Zoumas's Selection of Counsel**

8           The PSLRA provides that the lead plaintiff shall, subject to court approval,

9   select and retain lead counsel.  15 U.S.C. § 78u-4(a)(3)(B)(v).  A court should not

10  disturb the lead plaintiff's choice of counsel unless necessary to "protect the

11  interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).  Zoumas has

12  selected the law firm of Chapin Fitzgerald Sullivan & Bottini LLP as Lead

13  Counsel.  The attorneys at Chapin Fitzgerald Sullivan & Bottini LLP have

14  substantial experience in prosecuting securities class actions.  *See* Bottini Decl. Ex.

15  D.  Indeed, Francis A. Bottini, Jr., one of the firm's partners, has litigated many

16  securities class actions in this District, including a securities class action that

17  settled for $10.5 million on the eve of trial (the Friday before jury selection was set

18  to commence).  *See Karlin v. Alcatel*, No. 00-cv-0214 DOC (EEx), 2001 WL

19  1301216, at *1 (C.D. Cal. Aug. 13, 2001) (denying defendants' motion for

20  summary judgment).[2]  Therefore, the Court should approve Zoumas's selection of

21  counsel.

22  ///

23  ///

24  ///

25  ─────────────────────

26      [2] At the time, Mr. Bottini was a partner at Wolf Haldenstein Adler Freeman &
    Herz LLP, co-lead counsel for plaintiffs.

27

28                                            6

## IV.   CONCLUSION

For reasons set forth above, Zoumas respectfully requests that the Court (1) appoint him as Lead Plaintiff; and (2) approve his selection of Chapin Fitzgerald Sullivan & Bottini LLP as Lead Counsel for the class.

DATED:  June 29, 2011                    Respectfully submitted,

CHAPIN FITZGERALD SULLIVAN & BOTTINI LLP
Francis A. Bottini, Jr. (SBN 175783)
Jill M. Sullivan (SBN 185757)

_____
                    *s/ Francis A. Bottini, Jr.*
                    Francis A. Bottini, Jr.

550 West C Street, Suite 2000
San Diego, CA 92101
Telephone:  (619) 241-4810
Facsimile:  (619) 955-5318

*Counsel for Ioannis Zoumas and*
*Proposed Lead Counsel for the Class*

7