**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT SNELLINK, ZACHARY LEWY, SAMPSON DARUVALLA, and WILLIAM SPIEGELBERG, on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>   v.<br><br>GULF RESOURCES, INC., XIAOBIN LIU, MIN LI, and MING YANG,<br><br>          Defendants. | Case No. CV 11-03722-ODW(MRWx)<br><br>**ORDER DENYING MOTION FOR PRELIMINARY APPROVAL OF CLASS-ACTION SETTLEMENT [93]** |

Plaintiffs have requested the Court to preliminarily approve the class-action settlement in this case.  (ECF No. 93.)  Upon review, the Court finds several problems with the proposed settlement.

1.    The payments to the class members should be self-executing.  That is, class members need not file anything if they desire to receive payment.  The burden on determining how much each class member is entitled to rests solely on the class administrator.  But class members should still be allowed to opt out if they so desire.

2.    Because of the required self-executing provision, the payment (presumably in the form of a check) must be clearly identified as such and not as junk mail.  Plaintiffs must submit an exemplar of the payment mailing for approval.  Also, the check should be valid for at least one year from the date of issue.

3.     The Court recognizes that it may be economically unfeasible to send out settlement payments to owners who possessed a small amount of stock.  Thus, the Court will agree to a provision that excludes payment to persons with an estimated settlement recovery of less than $1.00.

4.     Though the provisions above will increase the cost of administering the settlement, the Court finds that the amount set apart for the Notice and Administration Account is too high ($75,000).   Plaintiffs must revisit this amount or submit documentation to the Court to show why this amount is necessary.

5.     The award to the three remaining lead Plaintiffs, Lewy, Daruvalla, and Spiegelberg, should be reduced to $6,000 (not $10,000) collectively, or $2,000 each.

6.     The attorney's-fee award also appears too high.  The Court notes that while Plaintiffs' attorney has expended effort and taken risks in this case, that alone does not suffice to support an attorney's-fee award of $708,262.50 (33 1/3% of the settlement).  Plaintiffs must submit documentation, including their billings, to the Court to justify this award.

7.     Further, Plaintiffs are ordered to submit their litigation expenses to the Court for approval, including those they expect to incur between now and the dismissal of this lawsuit.  The Court finds that the provision setting aside $150,000 is excessive.

Plaintiffs must address these issues above and make the necessary changes to their motion papers and accompanying documents.  They must resubmit their motion for preliminary approval by July 8, 2013, setting a hearing on the matter for August 5, 2013.  Where necessary, Plaintiffs should complete their documentation based on a Final Approval Hearing date of November 4, 2013.  Plaintiffs should fill out all dependent dates in their documents accordingly.

Finally, in light of this settlement, the Court continues the remaining case schedule as follows:

/ / /

| | | |
|---|---|---|
| **09/17/13** | Trial at 9:00 a.m. | |
| **09/12/13** | File Final Trial Exhibit Stipulation | |
| **09/09/13** | Hearing on Motions in Limine at 2:30 p.m. | |
| **08/26/13** | Final Pretrial Conference at 2:30 p.m.<br>Motions in Limine to be Filed<br>Proposed Voir Dire Questions & Agreed-to Statement of Case | |
| **08/19/13** | Lodge Pretrial Conference Order & Pretrial Exhibit Stipulation<br>File Trial Briefs<br>File Contentions of Fact & Law<br>Exhibit & Witness Lists<br>File Status Report Regarding Settlement<br>File Agreed Upon Set of Instructions & Verdict Forms<br>File Joint Statement Regarding Disputed Instructions, Verdicts, etc… | |

**IT IS SO ORDERED.**

June 14, 2013

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**

3