O
JS-6

NOTE: CHANGES MADE BY THE COURT

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| ZACHARY LEWY, SAMPSON DARUVALLA, WILLIAM SPEIGELBERG, and IOANNIS ZOUMAS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GULF RESOURCES, INC., XIAOBIN LIU, MIN LI, and MING YANG,<br><br>Defendants. | Case No. 11-cv-3722 ODW (MRWx)<br><br>**ORDER AND FINAL JUDGMENT** |

On December 16, 2013, the Court held a hearing to determine whether (1) the terms and conditions of the Stipulation and Agreement of Settlement dated April 30, 2013 (the "Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Settlement Class against Defendants Gulf Resources, Inc. ("Gulf"), Xiaobin Liu, Min Li and Ming Yang (collectively, the "Defendants"), and (2) to approve the proposed Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members. Having considered all matters submitted to it at the hearing and otherwise, the Court finds that the Notice approved in the Court's Order Preliminarily Approving Settlement and Providing For Notice ("Preliminary Approval Order") was mailed to all reasonably identifiable Settlement Class Members and published in accordance with that Order.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. All capitalized terms used herein have the same meanings as set forth and defined in the Stipulation.

2. The Court has jurisdiction over the subject matter of the Litigation, Lead Plaintiffs, all Settlement Class Members, and Gulf.

3. The Court finds that the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that:

(a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable;

(b) there are questions of law and fact common to the Settlement Class;

(c) the claims of the Lead Plaintiffs are typical of the claims of the Settlement Class they seek to represent;

(d) Lead Plaintiffs fairly and adequately represent the interests of the Settlement Class;

(e) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and

(f) a class action is superior to other available methods for the fair and efficient adjudication of this Litigation. The Settlement Class is being certified for settlement purposes only.

4. Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court hereby certifies this action as a class action for settlement purposes only, and certifies as the Settlement Class all persons or entities who purchased the publicly-traded common stock of Gulf from March 16, 2009 through April 26, 2011, and who were damaged thereby. Excluded from the Settlement Class are:

a. Defendants, and the members of their immediate families and Defendants' heirs, successors and assigns, any entity in which any Defendant has or had a controlling interest, and Gulf's predecessors;

b. Present officers and/or directors of Gulf;

c. Those persons who excluded themselves by filing timely and valid requests for exclusion in accordance with the Preliminary Approval Order (to date, no such requests have been filed).

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Lead Plaintiffs are certified as the class representatives and the Lead Plaintiffs' Counsel previously selected by Lead Plaintiffs and appointed by the Court are hereby appointed as Lead Plaintiffs' Counsel for the Settlement Class.

6. The Court hereby finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions met the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all

persons and entities entitled thereto of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all persons entitled to such notice. No Settlement Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Settlement Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged. Thus, it is hereby determined that all members of the Settlement Class are bound by this Order and Final Judgment.

7. The Settlement is approved as fair, reasonable and adequate, and in the best interests of the Settlement Class. Lead Plaintiffs and Gulf are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

8. The Litigation and the Amended Complaint are hereby dismissed with prejudice and without costs.

9. Lead Plaintiffs and the Settlement Class Members, on behalf of themselves, their current and former heirs, executors, administrators, successors, attorneys, legal representatives, and assigns, hereby release and forever discharge the Released Parties from any and all Settled Claims. Lead Plaintiffs and the Settlement Class Members, and anyone acting or purporting to act for any of them, are hereby permanently and forever enjoined from prosecuting, attempting to prosecute, or assisting others in the prosecution of the Settled Claims against the Released Parties.

10. Gulf and its successors in interest or assigns, hereby release and forever discharge any and all of the Settled Defendant's Claims against the Lead Plaintiffs, any of the Settlement Class Members and any of their counsel, including

Lead Plaintiffs' Counsel for the Settlement Class and any counsel working under Lead Plaintiffs' Counsel's direction.

11. The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members.

12. In accordance with 15 U.S.C. § 78u-4(f)(7) and any other applicable law or regulation, any and all claims which are brought by any person or entity against the Released Parties (a) for contribution or indemnification arising out of any Settled Claim, or (b) where the damage to the claimant is measured by reference to the claimant's liability to the Lead Plaintiffs or the Settlement Class, are hereby permanently barred and discharged.

13. The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

14. Neither this Order and Final Judgment, the Stipulation, nor any of the negotiations, documents or proceedings connected with them shall be:

(a) referred to or used against the Released Parties or against the Lead Plaintiffs or the Settlement Class as evidence of wrongdoing by anyone;

(b) construed against the Released Parties or against the Lead Plaintiffs or the Settlement Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

(c) construed as, or received in evidence as, an admission, concession or presumption against the Settlement Class or any of them, that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Fund; or

   (d) used or construed as an admission of any fault, liability or wrongdoing by any person or entity, or offered or received in evidence as an admission, concession, presumption or inference against any of the Released Parties in any proceeding other than such proceedings as may be necessary to consummate or enforce the Stipulation.

  15. Exclusive jurisdiction is hereby retained over Gulf and the Settlement Class Members for all matters relating to the Litigation, including the administration, interpretation, effectuation or enforcement of the Stipulation or Settlement and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the Settlement Class Members.

  16. Without further order of the Court, Gulf and Lead Plaintiffs may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

  17. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

  18. The finality of this Order and Final Judgment shall not be affected, in any manner, by rulings that the Court may make on Lead Plaintiffs' Counsel's application for an award of Attorneys' Fees and Expenses.

  19. In the event that the Settlement does not become final and effective in accordance with the terms and conditions set forth in the Stipulation, then this Order and Final Judgment shall be rendered null and void and be vacated and the Settlement and all orders entered in connection therewith shall be rendered null and void (except as provided in paragraphs E.1-3., G, L.5-7., M.10-11., and M.13 in the Stipulation), and the parties shall be deemed to have reverted to their respective status prior to the execution of this Stipulation, and they shall proceed in all respects as if the Stipulation had not been executed and the related orders had

1 not been entered, preserving in that event all of their respective claims and
2 defenses in the Litigation, and shall revert to their respective positions in the
3 Litigation.

**IT IS SO ORDERED.**

Dated: January 8, 2014     _____

HONORABLE OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE